IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| THOMAS YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 321-008 |
| | ) | |
| TIM WARD, Commissioner; DIRECTOR | ) | |
| SHEPPARD; JERMAINE WHITE, Warden; | ) | |
| DEPUTY WARDEN WICKER; DEPUTY | ) | |
| WARDEN KEITH; and DEPUTY WARDEN | ) | |
| BEASLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.    SCREENING OF THE AMENDED COMPLAINT**

  **A.    BACKGROUND**

Plaintiff names as Defendants:  (1) Tim Ward, Commissioner; (2) Director Shepard; (3) Jermaine White, Warden; (4) Deputy Warden Wicker; (5) Deputy Warden Keith; and (6) Deputy Warden Beasley. (Doc. no. 6, pp. 1-3.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

During the year 2020, security officers were only present inside the prison dorms of TSP during inmate rollcalls at 9:30 AM, 12:00 PM, 3:00 PM, and every three hours thereafter during the twenty-four cycle. (Id. at 6.) Security and healthcare shortcomings have caused Plaintiff to suffer post-traumatic stress disorder, and he is in a constant state of fear for his life. (Id. at 7.)

Several incidents occurred during 2020 due to inadequate security. In April 2020, an inmate in building D bled to death because "he had no access to security nor medical access." (Id. at 5.) On May 29, 2020, an inmate in dorm A2 was stabbed and bled to death, which Plaintiff also attributes to a lack of security and access to medical care. (Id.) On July 4, 2020, in building A2, Plaintiff heard two inmates, Arron Trice and Torrey Coleman, arguing in the cell above him. (Id.) The argument continued for thirty minutes and stopped when a prison personnel, Mrs. Wright, entered the building to feed the inmates. (Id.) At that time, Arron Trice pushed past Mrs. Wright with a sheet in his hand and hung himself over the balcony. (Id.) Plaintiff believes inmate Trice had been refusing to take his medications. (Id.)

On November 15, 2020, a riot broke out in dorm A2, and one inmate was stabbed in the head. (Id. at 6.) Because there was no security officer on post, the victim waited "3 hours" before he was provided medical attention. (Id.) On December 26, 2020, an inmate in dorm A1 choked to death on his vomit, and officers found his body three hours later. (Id.) On January 8, 2021, Warden White told inmates at TSP "it was the prisoners job to protect [them]selves." (Id.)

Plaintiff did not file a grievance because he has "no access to a grievance procedure," and prison counselors will not bring grievance forms to the inmates. (Id. at 6, 8.) Plaintiff requests injunctive relief in the form of increased security and medical care, and he seeks $10 million in punitive damages. (Id. at 7.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must

3

provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendants Based on the Prison's Grievance Procedure

To the extent Plaintiff alleges Defendants provide no access to TSP's grievance procedures, under Eleventh Circuit law, "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure." Bingham v. Thomas, 654 F.3d 1171, 1177-78 (11th Cir. 2011) (*per curiam*). Thus, any claim Defendants improperly denied access to a grievance fails to state a claim upon which relief may be granted. See id.; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions).

4

### 3. Plaintiff Fails to State a Failure to Protect Claim

Plaintiff alleges prison officials foregoing their responsibilities to keep inmates safe results in a "high risk of ongoing harm based on the [prison's] policies and customs." (Doc. no. 6, p. 6.) "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer, 511 U.S. at 828. Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981).[1] When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*). However, "[t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials." Gullatte, 654 F.2d at 1012. "[T]here must be at least some allegation of a conscious or callous indifference to a prisoner's rights" that would raise the tort to the level of a constitutional violation in order to state a section 1983 cause of action against prison officials for cruel and unusual punishment. Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (citations omitted).

"Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate on inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'" Terry v.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed

Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (*per curiam*) (citing Farmer, 511 U.S. at 833-34). To establish an Eighth Amendment claim, a prisoner "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted). These three elements are evaluated in part by an objective standard and in part by a subjective standard. See Marbury v. Warden, 936 F.3d 1227, 1233 (11th Cir. 2019).

> As the Eleventh Circuit explained,
>
> When examining the first element—a substantial risk of serious harm—the court uses an objective standard. The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective. To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm. To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.
>
> Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014) (internal

citations and quotations omitted).

Plaintiff's allegations fail to establish any officer was deliberately indifferent to a substantial risk of serious harm or was aware Plaintiff was at substantial risk of attack. Plaintiff does not allege ever being threatened or physically assaulted. In the absence of a particularized threat of an attack, there is no failure to protect claim. See McBride v. Rivers, 170 F. App'x 648, 655 (11th Cir. 2006) (holding plaintiff must allege specific and particularized threat of harm not generalized fear or problems); Carter v. Galloway, 352 F.3d 1346, 1349-1350

---

down prior to October 1, 1981.

(11th Cir. 2003) (same).

### 4. Plaintiff Fails to State a Valid Claim for Unsafe Conditions of Confinement Due to Inadequate Security and Healthcare

"[T]he Constitution does not mandate comfortable prisons." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Rather, the Eighth Amendment requires that prisoners are afforded adequate food, clothing, shelter, and medical care, and prison officials must take reasonable measures to ensure prisoner safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "An excessive risk of inmate-on-inmate violence at a jail creates a substantial risk of serious harm," and "confinement in a prison where violence and terror reign is actionable." Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014). However, "inmates cannot expect the amenities, conveniences and services of a good hotel." Alfred v. Bryant, 378 F. App'x 977, 980 (11th Cir. 2010) (*per curiam*).

Challenges to conditions of confinement are subject to a two-part analysis. Chandler, 379 F.3d at 1289. First, Plaintiff must satisfy an objective prong by showing the conditions about which he complains are sufficiently serious. Id. The conditions of his confinement must be "extreme" such that it "poses an unreasonable risk of serious damage to his future health or safety." Id.; see also Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010) (*per curiam*); Ivory v. Warden, 600 F. App'x 670, 676-77 (11th Cir. 2015) (*per curiam*). "The risk must be 'so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.'" Redding v. Georgia, 557 F. App'x 840, 843 (11th Cir. 2014) (citing Helling v. McKinney, 509 U.S. 25, 33 (1993)).

Second, Plaintiff must satisfy a subjective prong by showing that Defendants acted with a culpable state of mind, which is judged under a "deliberate indifference" standard. Chandler, 379 F.3d at 1289. "Proof of deliberate indifference requires a great deal more than does proof of negligence." Goodman v. Kimbrough, 718 F.3d 1325, 1332 (11th Cir. 2013). The prison official must know of and disregard an "excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id.

The handful of alleged incidents that allegedly occurred over the span of 2020 do not rise to the level of violating contemporary standards of decency in the provision of security to inmates. "[O]ccasional, isolated attacks by one prisoner on another may not constitute cruel and unusual punishment, [but] confinement in a prison where violence and terror reign is actionable." Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014).

Plaintiff alleges five incidents across multiple dorms in TSP in which inmates suffered harm during the year 2020. (Doc. no. 6.) Plaintiff provides scant details concerning any of the incidents, and it is clear from the allegations Plaintiff has no direct knowledge concerning any of these incidents. Plaintiff does not explain why an inmate in building D bled to death in April 2020. He gives no details concerning the stabbing incident in May 2020. His description of the July 2020 incident is based merely on his interpretation of an argument he heard from a cell above him. Finally, two of the five incidents he alleges involve acts of self-harm rather than inmate-on-inmate violence. These allegations are hardly sufficient to demonstrate violence and terror reigned at TSP. See Rhiner v. Sec'y,

Fla. Dept. of Corrs., 817 F. A'ppx 769, 776 (11th Cir. 2020) (finding ten incidents occurring over two years fails to constitute a substantial risk of serious harm); Harrison, 746 F.3d at 1300 (finding thirty-three incidents across three years failed to demonstrate violence and terror reigned).

The alleged statement by Warden White that "it [is] the prisoners job to protect [them]selves" does not change the outcome. (Doc. no. 6, p. 6.) Plaintiff admits, despite Warden White's statement, security officers frequent the dorm every three hours. The Eleventh Circuit has noted "the Eighth Amendment does not require the uninterrupted personal supervision of all inmates." Estate of Owens v. GEO Group, Inc., 660 F. App'x 763, 773 (11th Cir. 2016); see also Purcell v. Toombs County, 400 F.3d 1313, 1323 n.23 ("The Constitution does not require that every inmate in a jail be observed by a guard every twenty minutes."); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995) (evidence that jailer failed to check on group cell during hour between last check and beating was not sufficient to show deliberate indifference). Nor is the alleged statement entirely inappropriate because inmates, like anyone, have a societal responsibility to exercise self-control and restraint. Therefore, Plaintiff fails to state a valid Eighth Amendment claim based on the prison's security measures.

With respect to medical care, Plaintiff vaguely alleges there is inadequate access to medical staff. (Doc. no. 6, pp. 5-6.) This bare allegation is woefully inadequate to state a claim for deliberate indifference to his serious medical needs. To state a claim for deliberate indifference to a serious medical need, Plaintiff must allege: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that

need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the subjective component, Plaintiff must allege that a defendant (1) was subjectively aware of a serious risk of harm and (2) disregarded that risk (3) by following a course of action which constituted more than mere negligence. Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016).

Further, to determine "whether a delay in treatment rises to the level of deliberate indifference, relevant factors include: '(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay.'" Johnson v. Forsyth County Bd. of Com'rs, 2:14-CV-00173-RWS-JCF, 2015 WL 1725717 (N.D. Ga. Mar. 10, 2015) (quoting Goebert v. Lee Cnty., 510 F.3d 1312, 1327 (11th Cir. 2007)).

Plaintiff cannot demonstrate officers or staff members at TSP disregarded a risk of serious harm by following a course of action which constituted more than negligence. Plaintiff makes no allegations of any personal risk of harm or medical need of his which prison staff were aware. Plaintiff's limited retelling of incidents involving other inmates, additionally fails to show knowledge on behalf of any staff member of a pre-existing serious medical concern. At most Plaintiff alleges a general complaint, without reference to a particular

incident, concerning the potential delay of medical services overnight due to the absence of medical staff. However, absent allegations of a serious medical need where an officer or staff member deliberately delayed treatment resulting in a worsened medical condition, Plaintiff's claim must fail. See Fuller v. Baldwin, 2015 WL 1279726 at *8 (N.D. Al. Mar. 20, 2015) (dismissing a delay claim for failing to allege facts to show excessiveness or resulting harm).

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 11th day of May, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA